IMG-274                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3445
_____

ANTONIUS TARGONO,
                                                Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A079-734-251)
Immigration Judge:  Honorable Donald V. Ferlise

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 11, 2010
Before:  MCKEE, Chief Judge HARDIMAN AND COWEN, Circuit Judges

(Opinion filed:August 16, 2010)
_____

OPINION
_____

PER CURIAM

        Antonius Targono, an Indonesian citizen of Chinese descent, petitions for review

of the Board of Immigration Appeals' ("BIA") decision upholding the Immigration

Judge's ("IJ") removal order and denying Targono's application for withholding of

removal. For the following reasons, we will deny the petition for review.

I

Targono entered the United States in 2001 and remained beyond the authorized period. Before the IJ, he conceded removability. Later, in 2004, Targono filed an application for asylum, withholding of removal, and CAT protection.

In support of his application, Targono testified that, between the ages of 7 and 15, he was repeatedly insulted by Indonesian children who shouted "Chinese, Chinese," at him and told him he did not deserve to be in Indonesia. In addition, approximately three times per week, he was stopped on the way to school by neighborhood children and young adults who would demand money from him because they saw he was Chinese and believed he was wealthy. If he did not have money, they would hit him, but not enough to cause injury. Targono testified that the worst thing to happen to him was the taunting by his classmates. He also testified that he fears returning to Indonesia because of the riots that occurred in May 1998 and because churches are being destroyed.

The IJ denied Targono's application, reasoning that his asylum application was untimely and that he failed to demonstrate past persecution or a clear probability of future persecution. The BIA upheld the IJ's decision, but remanded for consideration of Targono's CAT claim, which Targono ultimately withdrew. After further proceedings, Targono filed a timely petition for review.

II

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Because the BIA issued its own opinion, we review its decision rather than that of the IJ. See Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005). However, we also look to the decision of the IJ to the extent that the BIA deferred to or adopted the IJ's reasoning. See Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006). We review the Agency's factual determinations for substantial evidence, and will uphold such determinations unless any reasonable adjudicator would be compelled to reach a contrary conclusion. See Fiadjoe v. Att'y Gen., 411 F.3d 135, 153 (3d Cir. 2005).

"The threshold for establishing eligibility for withholding of removal is higher than that for establishing entitlement to asylum and requires the alien to demonstrate a 'clear probability' that, upon removal to the country of origin, his or her 'life or freedom would be threatened on account of one of the statutorily enumerated factors.'" Obale v. Att'y Gen., 453 F.3d 151, 161 (3d Cir. 2006) (quoting Senathirajah v. INS, 157 F.3d 210, 215 (3d Cir. 1998)). The clear probability standard is met if an applicant shows that it is more likely than not that he will suffer persecution. See Miah v. Ashcroft, 346 F.3d 434, 439 (3d Cir. 2003). An applicant may meet this standard by demonstrating past persecution, which creates a rebuttable presumption of future persecution, or by demonstrating that a future threat to his life or freedom is likely, either because he will be singled out for persecution or because he is a member of a group subject to a pattern or

3

practice of persecution. See 8 C.F.R. § 208.16(b). Persecution includes "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993). However, it "does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Id.

Targono presents two arguments in his petition for review. First, he argues that the BIA erred in concluding that he failed to demonstrate past persecution. In denying relief, the BIA reasoned that the incidents Targono endured, viewed cumulatively, did not rise to the level of persecution. We agree. Although unfortunate, the taunting, stealing, and hitting Targono faced were not so severe that they constituted a threat to his life or freedom. See id.

Second, Targono argues that the BIA failed to consider whether a pattern or practice of persecution against Chinese Christians exists in Indonesia. Though the IJ expressly held that the background evidence Targono submitted failed to demonstrate a pattern or practice of persecution against Chinese Christians in Indonesia, the BIA did not. Rather, the BIA stated generally that Targono "did not show a clear probability of persecution upon his return [to Indonesia]," AR 145, and expressly agreed with the IJ's holding that Targono failed to demonstrate that he would be singled out for persecution. Targono contends that the Board's omission requires a remand for further consideration. We disagree. "The Board is not required to write an exegesis on every contention, but

4

only to show that it has reviewed the record and grasped the [alien's] claims." Sevoian v. Ashcroft, 290 F.3d 166, 178 (3d Cir. 2002) (internal citations and quotation marks omitted). In declining to expressly discuss Targono's "pattern or practice" claim, the Board implicitly adopted the IJ's reasoning. To the extent that Targono challenges the Agency's determination that the background evidence he provided did not show a pattern or practice of persecution, we agree with the Government that such a claim lacks merit. We held in Sioe Tjen Wong v. Att'y Gen., 539 F.3d 225, 233-34 (3d Cir. 2008), that the same reports Targono provided were insufficient to demonstrate such a pattern or practice.

Accordingly, we will deny the petition for review.